NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFERY J. HARRIS,<br><br>           Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant-Appellee. | No.   21-16644<br><br>D.C. No. 4:19-cv-00248-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 16, 2024[**]

Before:    SCHROEDER, VANDYKE, and KOH, Circuit Judges.

Jeffery J. Harris appeals pro se from the district court's summary judgment in his Federal Tort Claims Act ("FTCA") action alleging negligence and battery in connection with medical treatment provided by the Department of Veterans Affairs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross-

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Harris's claims alleging negligence in the treatment of his medical issues because Harris failed to raise a genuine dispute of material fact as to whether the medical treatment he received breached the applicable standard of care. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (in a FTCA action, the law of the state in which the alleged tort occurred applies); *Seisinger v. Siebel*, 203 P.3d 483, 492-93 (Ariz. 2009) (explaining the elements of a medical malpractice claim under Arizona law and that, except in situations where it is a matter of common knowledge, "the standard of care normally must be established by expert medical testimony," and failure to produce the required expert testimony mandates judgment for defendant).

The district court properly granted summary judgment on Harris's battery claim because Harris failed to raise a genuine dispute of material fact as to whether the medical procedures at issue were performed without his consent. *See Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 438 (Ariz. 2003) (explaining the elements of a battery claim under Arizona law and that a health care provider commits a common law battery on a patient only if a medical procedure is performed without the patient's consent).

The district court did not abuse its discretion in denying Harris's post-judgment motion because Harris failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

We reject as without merit Harris's contention that the district court erred in denying his cross motion for summary judgment.

Harris's pending motions for an extension of time to file a reply brief are denied.

**AFFIRMED.**